IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.

DAVID CALAIACOVO,

              Defendant.

20-CR-199-LJV

UNITED STATES DISTRICT COURT
FILED
MAY 1 0 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## PLEA AGREEMENT

The defendant, DAVID CALAIACOVO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography involving a prepubescent minor or minor who had not attained 12 years of age), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court

must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section

3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant understands that the Court must impose an assessment of not

more than $17,000 for the offense of conviction  pursuant to Title 18, United States Code,

Section 2259A(a)(1), in addition to any other criminal penalty, restitution, or special

assessment.

4.      The defendant acknowledges that pursuant to Title 18, United States Code,

Section 2259(b)(2), the Court must order restitution for the full amount of the compensable

losses of the victims as determined by the Court, but no less than $3,000 per victim. The

defendant understands that the defendant will not be entitled to withdraw the plea of guilty

based upon any restitution amount ordered by the Court.

5.      The defendant understands that, if it is determined that the defendant has

violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release and if the defendant commits any criminal

offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States

Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant

shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a

consequence, in the event the defendant is sentenced to the maximum term of incarceration,

a prison term imposed for a violation of supervised release may result in the defendant serving

2

a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:   where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

7.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

3

## II.    ELEMENTS AND FACTUAL BASIS

8.    The defendant understands the nature of the offense set forth in ¶ 1 of this

agreement and understands that if this case proceeded to trial, the government would be

required to prove beyond a reasonable doubt the following elements of the crime:

a.    the defendant knowingly possessed material that contained an image of
child pornography, as defined in Title 18, United States Code, Section
2256(8);

b.    that such ~~child pornography~~ had been mailed, shipped, or transported
in or affecting interstate or foreign commerce by any means, including
by computer, or was produced using materials that had been mailed,
shipped, or transported in or affecting interstate or foreign commerce by
any means, including by computer;

c.    the defendant knew that such material contained child pornography;
and

d.    at least one of the child pornography images depicted prepubescent
minors or minors under twelve years of age.

## FACTUAL BASIS

9.    The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.    On or about June 27, 2019, the defendant, in the Western District of
New York, knowingly possessed material containing images and videos
of child pornography, which are images and videos of children being
raped, sexually assaulted, and sexually exploited.  The images on the
defendant's electronics exploit and abuse children for sexual stimulation
and gratification of the viewer. These images and videos were stored on
a Dell Dimension B110 Tower and Toshiba Satellite L645D laptop
computer—both of which were manufactured outside of New York
State.  These images also had been transmitted in interstate or foreign
commerce via the Internet.

b.    On or about June 27, 2019, Homeland Security Investigations executed
a search warrant at the defendant's residence and found several
electronics, including a Toshiba Satellite L645D laptop computer and

Dell Dimension B110 Tower.  A search of those items revealed more than 800 child exploitation images.

c. Some of the images of children being raped, sexually assaulted, and sexually exploited which the defendant possessed depicted prepubescent minors or minors less than 12 years of age, and some of the aforementioned images possessed by the defendant contained sadistic or masochistic conduct or other depictions of sexual violence.  Sexual violence consists of a purposeful action in which the intention is to inflict severe humiliation on the victims depicted in the images and to diminish human dignity of those victims.

d. In total, the defendant possessed more than 800 images and videos of children being raped, sexually assaulted, or sexually exploited.  At the time the defendant possessed the images and videos, he knew that they depicted minors being raped, sexually assaulted, or sexually exploited.

## III. SENTENCING GUIDELINES

10. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

11. The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

12. The government and the defendant agree that the following specific offense characteristics do apply:

a. the two level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

5

b.      the four level increase pursuant to Guidelines § 2G2.2(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

c.      the two level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

d.      the five level increase pursuant to Guidelines § 2G2.2(b)(7)(D) [offense involved 600 or more images].

## ADJUSTED OFFENSE LEVEL

13.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 31.

## ACCEPTANCE OF RESPONSIBILITY

14.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 28.

## CRIMINAL HISTORY CATEGORY

15.      It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.    It is the understanding of the government and the defendant that, with a total offense level of 28 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 78 to 97 months, a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

17.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

18.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

19.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral

7

attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

20.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.     GOVERNMENT RIGHTS AND OBLIGATIONS

21.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history

category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-MJ-5167.

23.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

24.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   COMPUTER FORFEITURE PROVISIONS

27.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following computer equipment and other electronic media which were seized by law enforcement officials based upon the execution of a search warrant:

    a. a Dell Dimension B110 Tower (serial number 0YD5447082166G41N7); and

    b. a Toshiba Satellite L645D (serial number YA053651W) with Installed Hard Drive Seagate Momentus XT (model ST750LX003_750GB_W200L3RS)

28.     Since the computer, related media and online account(s) were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computers and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3).  In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant

to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

29.    The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

30.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.  The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this,

11

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

31.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.  The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

32.     This plea agreement represents the total agreement between the defendant, DAVID CALAIACOVO, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:     _____
CHARLES M. KRULY
Assistant United States Attorney
Dated:  May 10, 2021

12

I have read this agreement, which consists of pages 1 through 13.  I have had a full opportunity to discuss this agreement with my attorney, Herbert L. Greenman, Esq..  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____          _____
DAVID CALAIACOVO                             HERBERT L. GREENMAN, ESQ.
Defendant                                    Attorney for the Defendant

Dated:  May _10_, 2021                       Dated:  May _10_, 2021